KOGAN, Justice,
dissenting.
I would disbar. To my mind the discipline imposed upon an attorney is measured primarily by the type and degree of harm caused by the misconduct in question. As noted in Standard 7.1 of the Florida Standards for Imposing Lawyer Sanctions (West 1993),
[djisbarment is appropriate when a lawyer intentionally engages in conduct that is a violation of a duty owed as a professional with the intent to obtain a benefit for the lawyer or another, and causes serious or potentially serious injury to a client, the public, or the legal system.
Here, Helinger over a five-year period intentionally and systematically harassed his victim — a member of the public — for his own personal gratification, causing her severe emotional distress. In doing so he violated his duties as a professional. If the *997 violation here had been of short duration I might be inclined to give the available mitigating evidence greater weight. However, the systematic nature of these offenses and the fact that they continued for five years lead me to believe that disbarment is the only penalty consistent with the Florida Standards for Imposing Lawyer Sanctions. I therefore respectfully dissent.